## Case No. 16,463.

UNITED STATES v. THIRTY–NINE BARRELS OF SPIRITS.

[7 Int. Rev. Rec. 38.]

District Court, E. D. New York. Jan. 14, 1868.

INTERNAL REVENUE LAW—FORFEITURE OF SPIRITS —ABSENCE OF BRANDS—KEEPING OF BOOKS.

This was a proceeding for condemnation of certain spirits, a rectifying establishment, and the paraphernalia connected therewith. The same were seized on the ground that part of the spirits were not branded as required by law, that the tax had not been paid, and that the books had not been properly kept.

The evidence on the part of the government went to show that the seizing officer found at claimant's residence on the 12th of July last, twelve barrels of raw spirits not bonded, and some fifteen barrels that were bonded. A portion of claimant's residence, No. 406 Columbia street, is used as a porter-house and drinking-saloon, and in No. 408 he had, up to last fall, a distillery in the basement. The government showed that he had purchased, rectified and sold a large quantity of spirits during the past year.

For the defence it was sworn by Redmond Burke that the spirits seized as unbranded had just been drawn from his receiver, and had been put in there some nine or ten minutes before; that he had kept his books correctly, as supposed, and never intended to

defraud the government; that he had bought of other parties all his spirits, and supposed the tax was paid on them; that the spirits found there he had branded in September, 1866, and after being branded by general inspectors, had them put into receivers. General Inspector Knowlton branded some of the barrels of spirits, and J. C. Ward some more, but it seemed Ward was not a general inspector, but merely acted by order of a collector, so that he had really no authority to act as he assumed; therefore his brands were of no avail.

Mr. Hollis, for the defence. requested the judge to charge the jury that Burke had complied with the provisions of the law relative to spirits, by having them branded, and that the book was kept correctly.

The judge [BENEDICT, District Judge], however, charged the jury that the question for them was, whether or not the spirits seized were in Burke's possession before the 1st of September, 1866—if they were not in his possession then, and he had received them since, they must be condemned. If they were in his possession before the 1st of September, 1866, then they could not be forfeited, unless the jury found it was the intention of Burke to defraud the government in regard to these particular spirits. His honor also charged the jury that if they found the names of the parties from whom spirits were purchased, as entered on Burke's book, were sufficient to enable any one to know who they were, then they were to find whether the book was kept correctly; but if they decided the book was not kept correctly, then the spirits should be forfeited. The jury retired, and after a short absence returned into court with a verdict ordering the forfeiture of the spirits.

Assist. U. S. Dist. Attys. Tracy and Allen, for the Government.

Mr. Hollis, for the defence.